IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**TROY LAMONT CHEESE,**       )
                              )
      **Movant,**           )
                              )
**v.**                        )  **Civil Action No. 5:13-cv-0108**
                              )  **(Criminal No. 5:97-00155)**
**UNITED STATES OF AMERICA,** )
                              )
      **Respondent.**       )

## PROPOSED FINDINGS AND RECOMMENDATION

On December 28, 2012, Movant, acting *pro se* and incarcerated at FCI Elkton, filed a "Motion to Shorten Term of Supervised Release"(Document No. 401.), which this Court construed as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Document Nos. 402 and 403.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 405.)

## FACT AND PROCEDURE

On December 11, 1997, Movant was convicted of Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846. (Criminal Action No. 5:97-0155, Document Nos. 119 and 120.) Movant was sentenced on March 16, 1998. (Id., Document No. 150.) The District Court ordered that Movant serve a 324-month term of incarceration to be followed by a three-year term of supervised release. (Id.) On March 27, 1998, Movant filed a Notice of Appeal. (Id., Document No. 155.) In his appeal, Movant argued that (1) "the jury was chosen in violation of 28 U.S.C. § 1862 (1994), in that the jurors were not chosen from a fair cross-section of the community;" (2) "the Government violated 18 U.S.C.A. § 201(c)(2) (West Supp. 1998), which prohibits offers or promises of anything of value

to witnesses 'for or because of' their testimony;" (3) "the District Court failed to make a particularized factual finding as to the amount of drugs to be attributable to him;" and (4) the District Court improperly adopted the findings in the presentence report, which did not differentiate the amounts attributable to each member of the conspiracy. The Fourth Circuit Court of Appeals affirmed Movant's conviction and sentence on February 16, 1999.[1] United States v. Cheese, 173 F.3d. 425 (4th Cir. 1999). Movant filed a petition for certiorari in the United States Supreme Court, which was denied on June 21, 1999. Cheese v. United States, 527 U.S. 1029, 119 S.Ct. 2382, 144 L.Ed.2d 785 (1999).

On June 29, 2000, Movant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside and Correct Judgment. (Criminal Action No. 5:97-0155, Document No. 232.) On September 6, 2000, Movant filed an Amended Section 2255 Motion. (Id., Document No. 241.) By Proposed Findings and Recommendation entered on December 22, 2000, United States Magistrate Judge Mary S. Feinberg recommended that Movant's Section 2255 Motion be dismissed as untimely. (Id., Document No. 252.) By Order entered on January 25, 2001, United States District Judge Charles Haden adopted Judge Feinberg's recommended and dismissed Movant's Section 2255 Motion. (Id., Document No. 255.) Movant filed a Notice of Appeal on May 2, 2001. (Id., Document No. 265.) On September 13, 2001, the Fourth Circuit dismissed Movant's appeal. United States v. Cheese, 18 Fed.Appx. 179 (4th Cir. 2001).

On May 28, 2004, Movant filed a Motion for Writ of Error Coram Nobis. (Criminal Action

---

[1] The Fourth Circuit remand the case for correction of a clerical error in the Judgment Order. The Fourth Circuit noted that the District Court orally imposed a five-year term of supervised release, but noted in its written Judgment Order a three-year term of supervised release. By Amended Judgment Order entered on February 19, 1999, the District Court corrected the clerical error and imposed a five-year term of supervised release. (Criminal Action No. 5:97-0155, Document No. 197.)

No. 5:97-0155, Document No. 311.) By Order entered on August 26, 2004, District Judge Faber denied Movant's Motion for Writ of Error Coram Nobus. (Id., Document No. 315.)

On February 29, 2008, Movant filed a Motion for Retroactive Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 329.) By Memorandum Opinion and Judgment Order entered on April 10, 2009, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 366.) The District Court reduced Movant's sentence to "a period of 262 months, with credit for time served to date." (Id.)

On October 17, 2011, Movant filed a Motion Under 18 U.S.C. § 3582(c)(2) for Reduction in Term of Imprisonment arguing that his sentence should be reduced based upon the Fair Sentencing Act of 2010. (Id., Document No. 383.) By Memorandum Opinion and Judgment Order entered on February 21, 2012, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 391.) The District Court reduced Movant's sentence to 210 months. (Id., p. 2.)

On April 2, 2012, Movant filed a "Petition for 28 U.S.C. § 1361 Writ of Mandamus." (Civil Action No. 5:12-0941, Document No. 2.) Movant contended that his presentence report contained incorrect information concerning his criminal history score. (Id., pp. 1 - 2.) Movant argued that the "findings by the United States Probation Office included two convictions of Movant Cheese, a June 5, 1995 conviction of trespassing/destruction of property where the Beckley Magistrate Court imposed a $30.00 fine in lieu of jail time, and an April 10, 1996 shoplifting conviction where the

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

3

Beckley Magistrate Court imposed a $50.00 fine in lieu of jail time." (Id., p. 1.) Citing U.S.S.G. § 4A1.2, Movant argued that the Probation Office incorrectly scored both convictions with one point each. (Id.) Movant stated that "[s]ince both of Movant Cheese's convictions were not imprisonment sentences, and since both were petty offenses and not similar to Movant Cheese's instant offense, both prior convictions should be counted as zero (0) criminal history points." (Id., p. 2.) Thus, Movant claimed that he "should have been sentenced under a criminal history score of III, and not IV."(Id.) Movant further stated that "a sentence based on erroneous information is also illegal." (Id.) As relief, Movant requested "that this Court order Defendants Peggy F. Adams and the United States Probation Office, jointly and severally, to determine if Movant Cheese's criminal history score was correctly calculated, and if the two subject convictions were properly included in Movant Cheese's criminal history score as countable convictions." (Id., p. 3.) By Proposed Findings and Recommendation entered on April 27, 2012, the undersigned recommended that the District Court deny Movant's "Petition for 28 U.S.C. § 1361 Writ of Mandamus." (Id., Document No. 7.) Movant filed his Objections on May 7, 2012. (Id., Document No. 8.)

     On December 28, 2012, Movant filed his instant "Motion to Shorten Term of Supervised Release," which this Court has construed as a Section 2255 Motion. (Document Nos. 401 - 403.) Movant again contends that his Presentence Report contains incorrect information concerning his criminal history score. (Document No. 401, pp. 1 - 2.) Specifically, Movant states that "the United States Probation Office incorrectly counted two misdemeanor convictions as one (1) point each, instead of zero points, pursuant to U.S.S.G. § 4A1.2." (Id., p. 1.) Thus, Movant claims that he "should have scored a Level III offender, and not a Level IV offender, his guideline sentence with a Level 34 offense level would be 188 - 235 months, as opposed to the 210 to 262 months guideline range utilized to impose the sentence." (Id., p. 2.) Movant argues that a correction of his sentence would

4

result "in a 22-month reduction in his term of imprisonment." (Id.) Movant, therefore, requests that the Court conclude that his term of imprisonment is completed and "reduce this term of supervised release by twenty-two months which would, at least, partially remedy the harm caused by the mis-scoring him as a Level IV offender." (Id., p. 3.)

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for

and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

The undersigned finds Movant's Section 2255 Motion to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Movant must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Movant does not contend that his Motion falls under either the category of newly discovered evidence or new rule of constitutional law. Nevertheless, this Court need not reach the

6

issue of whether Movant's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Movant has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Movant's Motion should be dismissed because Movant has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 401.), and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date

of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant, who is acting *pro se*.

Date: January 28, 2013.

R. Clarke VanDervort
United States Magistrate Judge